## Case No. 2,962.

### COHEN v. The AMANDA FRANCES MYRICK.

#### [Crabbe, 277.] [1]

District Court, E. D. Pennsylvania. June 14, 1839.

##### DEFENCES TO BOTTOMRY BOND.

A bottomry bond having been given to a party, in consideration of his assuming the debts due by a vessel, she left the port without opposition, and payment of the bond was afterwards contested, on the ground of the debts not being satisfied. This defence was required to be clearly made out, in order to contradict the prima facie proof afforded by the bond.

This was a libel for bottomry.

The libellant [Jacob Cohen, Jr.], a citizen of Charleston, S. C., claimed the sum of $1,529.97, being the amount of a bottomry bond given him, less a credit allowed for freight and commissions on certain goods, which had been transported in the schooner, on his account. It appeared that the bond was given in consideration of the libellant becoming liable for certain debts due for necessary repairs to the schooner, and that, after the bond was given, she sailed from Charleston, without opposition. The respondent alleged that the consideration for which the bond was given had failed, as the charges for repairs were not paid, and the schooner and her owners still liable therefor. It was also alleged that there were overcharges on some articles on the account.

H. M. Phillips, for libellant.
G. M. Wharton, for respondent.

HOPKINSON, District Judge. The bond is, prima facie, conclusive that the amount claimed on it has actually been furnished to the vessel. What defence has been made?

1. A charge on account of freight on the libellant's goods. This is not disputed and must be allowed, as also a charge for commissions, on the same account.

2. Certain small overcharges have been alleged, which have not been proved, and cannot be allowed.

3. It is alleged that the debts, the assuming of which was the consideration of the bond, have not been paid, and that the vessel, and her owners, are still liable on that account. The only proof offered of this is the copies of the bills, without receipts. These are not originals, and there is no proof as to who made them out; they were offered by the libellant, to show that his account was correct, but not to prove payment. It is in evidence that the schooner was allowed to leave Charleston, without any claim being made on these bills, and we must conclude that the accounts have been paid, or that the creditors are satisfied with Mr. Cohen's security.

[1] [Reported by William H. Crabbe, Esq.]

The account will stand thus:

| | |
|---|---|
| Amount of bond | $1,881 86 |
| Credits allowed | 351 89 |
| | $1,529 97 |

Decree for libellant for $1,529.97, and costs.

An appeal from this decree was taken, by the respondent, to the circuit court of the United States for the third circuit; but it was afterwards discontinued.